NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 5 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS ALFREDO BORBON ACOSTA, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 19-71781 Agency No. A215-649-246 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 2, 2020[**]

Before: LEAVY, PAEZ, and BENNETT, Circuit Judges.

Carlos Alfredo Borbon Acosta, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo claims

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny in part and grant in part the petition for review, and we remand.

We do not consider the materials Borbon Acosta submitted with his opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc) (court's review is limited to the administrative record).

Borbon Acosta does not make any arguments challenging the agency's dispositive bases for denying asylum, withholding of removal, and CAT relief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Further, Borbon Acosta's contentions that the agency violated his due process rights by not adequately developing and analyzing his asylum, withholding of removal, and CAT claims fail. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process claim). Thus, we deny the petition for review as to Borbon Acosta's asylum, withholding of removal, and CAT claims.

Borbon Acosta also contends the agency violated his due process rights where the BIA found insufficient evidence of his apparent eligibility for special rule cancellation of removal to trigger the IJ's duty to advise him of his ability to

apply for relief. *See United States v. Lopez-Velasquez*, 629 F.3d 894, 896-97 (9th Cir. 2010) (explaining that "apparent eligibility" is a "reasonable possibility that the alien may be eligible for relief" and that a failure to advise an alien of apparent eligibility is a due process violation). We agree. Thus, we grant the petition for review as to Borbon Acosta's due process claim regarding special rule cancellation of removal for spouses who have been battered or subjected to extreme cruelty, and we remand to the agency for further proceedings consistent with this disposition. *See C.J.L.G. v. Barr*, 923 F.3d 622, 627 (9th Cir. 2019) ("When the IJ fails to provide the required advise, the appropriate course is to grant the petition for review, reverse the BIA's dismissal of [the petitioner's] appeal of the IJ's failure to inform him of this relief, and remand for a new . . . hearing" (citation and internal quotation omitted)).

Borbon Acosta's renewed request for a stay of removal, set forth in his opening brief, is denied as moot.

The government must bear the costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**

3                                                                                   19-71781